# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FORREST L. ZUDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 17-402-RAW-SPS |
| | ) | |
| ARCHIE VAN HORN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The matter is before the Court on three motions by Plaintiff Forrest L. Zudell. Plaintiff, a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Clara Waters Community Corrections Center in Oklahoma City, Oklahoma, brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations arising from his criminal prosecution in Pontotoc County District Court Case No. CF-2012-492. The defendants are Archie Van Horn, homeowner; Jason Christopher, Attorney; Adam Banner, Attorney; Ryan Coventon, Attorney; Cris Crow, Police Officer; Mathew Weide, Assistant District Attorney, and the Light Horse Police Department.

**Plaintiff's Motion to Amend Complaint**

Plaintiff has filed a motion to amend the complaint by adding Shaw Machine, located in Ada, Oklahoma, as a defendant (Dkt. 5). He, however, failed to submit a proposed amended complaint with the motion, in accordance with Local Civil Rule 9.2©. Therefore, Plaintiff's motion to amend complaint is DENIED.

Plaintiff is advised that any attempt to add a defendant in a § 1983 civil rights action

requires that the proposed defendant be a "person" acting under color of state law:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . .

*Id.* (emphasis added). *See also Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law").

**Plaintiff's Motion for Appointment of Counsel**

Plaintiff also has filed a motion requesting the Court to appoint counsel (Dkt. 8). He bears the burden of convincing the Court that his claim has sufficient merit to warrant such appointment. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)).

The Court has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering Plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the Court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57

F.3d 978, 979 (10th Cir. 1995). The motion for appointment of counsel is DENIED.

**Plaintiff's Motion to Order Legal Mail Delivery**

Plaintiff's third motion is a request that the Court issue an order requiring his facility to deliver his legal mail on the day it is received (Dkt. 17). The Court construes this motion as a request for a preliminary injunction.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction. *See Terry v. Jones*, 2007 WL 962916 (W. D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in his habeas petition); *accord Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint"

(citation omitted)). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hosp. Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)).

Here, the Court finds Plaintiff's request for same-day legal mail delivery has no relationship to the allegations in his complaint. In addition, Plaintiff does not allege that any of the defendants are involved in prison mail delivery. Furthermore, the motion fails to allege any violation of Plaintiff's constitutional rights. Therefore, Plaintiff's motion to order legal mail delivery is DENIED.

**ACCORDINGLY,**

1. Plaintiff's motion to amend complaint (Dkt. 5) is DENIED.
2. Plaintiff's motion for appointment of counsel (Dkt. 8) is DENIED.
3. Plaintiff's motion to order legal mail delivery (Dkt. 17) is DENIED.

**IT IS SO ORDERED** this 23rd day of January 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma