# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FORREST L. ZUDELL, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 17-402-RAW-SPS |
| ARCHIE VAN HORN, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, a pro se state prisoner who is incarcerated at Clara Waters Community Corrections Center in Oklahoma City, Oklahoma, filed this civil rights action pursuant to 42 U.S.C. § 1983. He is seeking relief for alleged constitutional violations related to his arrest and criminal prosecution in Pontotoc County, Oklahoma. The defendants are Archie Van Horn, the victim of Plaintiff's crime; Jason Christopher, Adam Banner, and Ryan Coventon, Plaintiff's defense attorneys; Chris Crow (aka Cris Crow), Chickasaw Lighthorse Police Officer; Matthew Welde (aka Matthew Weide), former Pontotoc County Assistant District Attorney; and the Chickasaw Lighthorse Police Department in Ada, Oklahoma. Defendants Christopher, Crow, Chickasaw Lighthorse Police Department, Welde, Banner, and Coventon have filed motions to dismiss (Dkts. 28, 30, 31, 33, 56), and Plaintiff has filed responses to the motions by Defendants Christopher, Banner, and Coventon (Dkts. 36, 47).

**Screening/Dismissal Standards**

When a prisoner files a civil rights complaint seeking relief from a governmental entity or an officer of employee of a governmental entity:

> [T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A (a)-(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (dismissal standards for prisoners proceeding *in forma pauperis*).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need

not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Defendant Archie Van Horn**[1]

Plaintiff alleges that in October 2012, he was arrested in Ada, Oklahoma, by Defendant Chris Crow of the Chickasaw Lighthorse Police Department ("the Department"). Upon learning of Plaintiff's arrest, Defendant Archie Van Horn reported to the Department that on April 18, 2012, Van Horn had entered into an agreement with Plaintiff to install a storm shelter at Van Horn's house. Van Horn claimed he paid Plaintiff $2,000 in cash, approximately half of the total cost of the shelter, but no work was done and Plaintiff only gave excuses for his failure to perform the work.

Plaintiff maintains Van Horn actually entered into an agreement with Plaintiff's employee, Robert Morgan, and Morgan received the cash from Van Horn. Plaintiff further asserts Officer Crow wrote a "bogus" police report based on Van Horn's allegations, instead of investigating the case. As a result of Van Horn's complaint, Plaintiff was arrested for Obtaining Money or Merchandise under False Pretenses. (Dkt. 1 at 5, 10, 12-13, 15).

"Section 1983 provides a federal civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution' by any person acting under color of

---

[1] Defendant Van Horn has not been served.

state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) (quoting 42 U.S.C. § 1983). Defendant Van Horn, however, is a private individual, and Plaintiff has not pleaded sufficient facts to allow the Court to reasonably infer that Van Horn was acting under color of state law during the incident at issue. *See Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) ("In order to hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State.") (internal quotation marks and brackets omitted). The Court, therefore, finds Plaintiff has failed to state a claim against Defendant Van Horn.

**Defendants Jason Christopher, Adam Banner, and Ryan Coventon**

Plaintiff alleges the attorneys who represented him in his criminal proceedings failed in their duties to provide effective assistance of counsel and to abide by Rules 1.1 and 1.3 of the Oklahoma Rules of Professional Conduct. He specifically claims the attorneys did not investigate certain claims and witnesses related to the prosecution, and Defendant Christopher had a conflict of interest, because Christopher represented Robert Morgan in Morgan's criminal proceedings. (Dkt. 1 at 7-10). Plaintiff does not allege that any of these three defendants acted under color of state law.

Defendants Christopher, Banner, and Coventon have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkts. 28, 33). These defendants represent that each acted as a private attorney in Plaintiff's criminal proceedings. The Tenth Circuit follows "the 'vast weight of authority' [which] holds that 'private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.'" *Anderson v. Kitchen*, 389 Fed. App'x 838, 841 (10th Cir. 2010) (quoting *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983)). Therefore, the Court finds Plaintiff has not stated a claim

4

against Defendants Christopher, Banner, or Coventon.

Furthermore, the Court cannot consider a claim for compensatory damages based on ineffective assistance of counsel unless the plaintiff first proves his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

**Defendant Mathew Welde**

Plaintiff's complaint presents no factual allegations of constitutional violations with respect to Defendant Mathew Welde, former Pontotoc County Assistant District Attorney. Welde has filed motions to dismiss the claims against him in his official and individual capacities (Dkts. 31, 56).

Defendant Welde asserts that because he no longer serves as an Assistant District Attorney for the Office of District Attorney, District 22, his successor is automatically substituted as the official-capacity defendant, pursuant to Fed. R. Civ. P. 25(d) (Dkt. 31 at 1 n.1). An official-capacity claim against an Oklahoma official is actually a claim against the State of Oklahoma. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1988). Further, "the Eleventh Amendment bars federal court jurisdiction over . . . a state official acting in her official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F .3d 1186, 1196 (10th Cir. 1998). Absent a waiver by the State, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169

5

(1985).

As for any claims against Welde in his individual capacity, a prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). Therefore, Defendant Welde is entitled to absolute immunity from all claims for money damages in his individual capacity. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Also, as explained above, *Heck v. Humphrey* requires a Plaintiff to prove he has received relief on an allegedly defective conviction or sentence before seeking habeas corpus relief from a federal court. *Id.*, 512 U.S. at 487.

**Defendants Chris Crow and Chickasaw Lighthorse Police Department**

As set forth above, Plaintiff alleges that in October 2012, Defendant Chris Crow of the Department arrested him and wrote a bogus police report, when Crow should have performed an investigation (Dkt. 1 at 5, 10). Defendants Crow and the Department have filed a special appearance and a motion to dismiss, alleging the Court lacks subject matter jurisdiction over the Chickasaw Nation, a sovereign and federally-recognized Indian nation, and the complaint fails to state a claim upon which relief can be granted (Dkts. 30-31). Defendant Crow also alleges Plaintiff's claims against him are untimely (Dkt. 31).

The Department alleges it is a division of the Chickasaw Nation, re-established in 2004 to serve the citizens of the Chickasaw Nation. It is well established that "Indian tribes are domestic dependent nations that exercise inherent sovereign immunity." *Michigan v. Bay Mills Indian Cmty.*, ___ U.S. ___, 134 S.Ct. 2024, 2030 (2014) (quoting *Okla. Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla.*, 498 U.S. 505, 509 (1991) (internal quotation marks omitted)). One of the core aspects of sovereignty which tribes possess is the "common

6

law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58-59 (1978) (citations omitted). Tribal sovereign immunity extends to subdivisions of the tribe, *Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.,* 546 F.3d 1288, 1292 (10th Cir. 2008), and to tribal officials, as long as the officials are acting within the scope of their permissibly delegated official powers, *Burrell v. Armijo,* 456 F.3d 1159, 1174 (10th Cir. 2006). Therefore, Indian Tribes and tribal officials are subject to suit only where Congress has authorized it or where the tribe has waived its immunity. *Kiowa Tribe of Okla. v. Mfg. Tech, Inc.*, 523 U.S. 751, 754 (1998). In this case, sovereign immunity has not been waived.

Plaintiff argues in his response to Defendant Crow's and the Department's motions that § 1983 applies to the deprivation of his constitutional rights, privileges, and immunities (Dkt. 49 at 2). He further asserts Defendant Crow was working "under the color of the law," because the "Light Horse Police Dept. is part of our Government, and is responsible for all its Employee's Action's or Non Action's." *Id.* at 5. Native American tribes and persons acting under tribal law, however, do not fall under the meaning of § 1983. *Chapoose v. Hodel*, 831 F.2d 931, 934-35 (10th Cir. 1988). The Court, therefore, finds it lacks jurisdiction over Plaintiff's claims against Defendant Crow and the Chickasaw Lighthorse Police Department.

Defendant Crow also argues that Plaintiff's claims against him are barred by the statute of limitations. The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the claim." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993) (citations omitted). Plaintiff alleges Crow wrongfully arrested him in October 2012, but the complaint was not

7

filed until November 2, 2017. Therefore claims against Defendant Crow clearly are time-barred.

**ACCORDINGLY,** Plaintiff's claims against Defendants Archie Van Horn, Jason Christopher, Adam Banner, Ryan Coventon, and Matthew Welde are DISMISSED as frivolous and malicious, for failure to state a claim upon which relief may be granted, and for seeking monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Defendants Chris Crow and Chickasaw Lighthorse Police Department are DISMISSED for lack of subject matter jurisdiction. All remaining pending motions are DISMISSED as moot. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 16th day of May 2018.

**Dated this 16th day of May, 2018.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma